IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MOLLY ZABAWA                                                                                          PLAINTIFF

              v.                                Civil No. 3:14-cv-3068-MEF

CAROLYN COLVIN, Commissioner
Social Security Administration                                                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Molly Zabawa, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.**      **Procedural Background:**

Plaintiff filed her applications for DIB and SSI on October 10, 2010, alleging an onset date of February 24, 2009, due to osteoarthritis, fibromyalgia, chronic kidney stones, anxiety, depression, a heart attack, and a history of cervical cancer.  Tr. 92-97, 178, 226-227, 230, 238. The Commissioner denied Plaintiff's applications initially and on reconsideration.  Tr. 52-54, 55-57.  An Administrative Law Judge ("ALJ") held an administrative hearing on July 20, 2012.  Tr. 24-51.  The Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 48 years old and possessed a General Education Diploma ("GED").  Tr. 27-28, 179.  She had past relevant work ("PRW") experience as a cook. Tr. 28, 152-163, 170-176, 179, 199-206.

On November 5, 2012, the ALJ found that Plaintiff's osteoarthritis, fibromyalgia, and chronic kidney stones were medically determinable impairments, but did not significantly limit her ability to perform basic work-related activities for 12 consecutive months. Tr. 13. As such, the ALJ concluded that the Plaintiff was not under a disability from May 1, 2008, through the date of his decision. Tr. 17.

The Appeals Council denied Plaintiff's request for review on May 5, 2014. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. ECF No. 7. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 12.

## II. **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v.* Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id.*

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**III. Discussion:**

Of particular concern to the undersigned is the ALJ's step two determination. At step two, a claimant has the burden of providing evidence of functional limitations in support of her contention that she is disabled. *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the

claimant's physical or mental ability to do basic work activities." *Id.* (citing *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); 20 C.F.R. § 404.1521(a)). "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." *Id.* (citing *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007)).

In the present case, records reveal that the Plaintiff sought out treatment for kidney stones on at least seven occasions between August 2009 and January 2012. Tr. 331-344, 360-374, 377-396, 398, 400-401, 404-406, 427-445, 458-459, 490-520, 523, 559-571, 576-580, 587-593, 597-611, 635-636, 638-639, 647-648, 655, 669-676, 702, 728-729, 748-769, 777-793, 798-844, 879. Although Plaintiff alleges to have experienced kidney stones with greater frequency, she necessitated medical intervention approximately twice per year, with each episode lasting several weeks to several months. Her treatment included prescription pain medication (Oxycodone), stent placement, laser stone ablation, and Flomax. In 2012, her doctor prescribed 10 Oxycodone per month to treat the pain associated with the passing of these stones. He also prescribed Flomax to make urination easier. This suggests she may have been experiencing more frequent episodes that did not necessitate medical intervention.[1]

The Plaintiff also suffers from chronic pain syndrome, fibromyalgia, and degenerative disk disease ("DDD") of the lumbar and cervical spine. The record is replete with complaints of back and neck pain radiating into both the upper and lower extremities. Tr. 399, 521, 523, 525-530, 536, 537-541, 618, 634, 652-654, 656-657, 658-661, 664-665, 699-704, 706-709, 713-714, 716-723, 748-750, 879, 882-885, 890-907, 915-918. And, pain specialists prescribed Hydrocodone, Tizanidine, and Cymbalta. Although doctors have noted some responsiveness to treatment, she

---

[1] Someone passing a kidney stone may require nothing more than to take pain medication and increase fluid consumption. Mayo Foundation for Medical Education and Research, *Kidney Stones*, http://www.mayoclinic.org/diseases-conditions/kidney-stones/basics/definition/con-20024829 (last accessed July 24, 2014).

4

has consistently reported pain that interferes with concentration, ambulation, general activity, work, and enjoyment of life.  Further, her most recent treatment note indicates that medication adjustments were made because her "current medication regimen for chronic pain syndrome does not appear adequate."  Tr. 915-918.

Further, the ALJ's failure to consider the RFC assessment completed by Dr. Hawk's nurse practitioner is also concerning.  The ALJ made no mention of it whatsoever.  Clearly, this is error.  *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000) (holding that the ALJ is not free to ignore medical evidence, rather must consider the whole record).

Regardless of the medical evidence, the government contends that the Plaintiff's ability to maintain part-time employment indicates that her impairments are not severe.  While the undersigned is cognizant of the fact that the Plaintiff has continued to work the breakfast shift as a cook (no more than 15 hours per week), we also note that this work does not rise to the level of substantial gainful activity.  Further, the Plaintiff's employer allows her to sit and stand at will and to take breaks as needed.  Tr. 30.  Moreover, the employer schedules an additional cook to work the same shift to help the Plaintiff complete her duties.[2]  Thus, rather than support the notion that the Plaintiff can perform substantial gainful activity, we find that the accommodations made by the employer serve to corroborate the physical limitations Plaintiff alleges derive from her pain.  *See Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998) (citing *Cline v. Sullivan,* 939 F.2d 560, 566 (8th Cir. 1991) (presumption that a claimant is not disabled merely because the claimant had a lenient employer, a high tolerance for pain, or no other means of support would unfairly shift the

---

[2] The vocational expert also testified that there would be no light or sedentary jobs available to an individual who was distracted by their pain 10 percent of the time, required unscheduled breaks, and required the ability to sit and stand at will.  Tr. 49-50.

burden of proof back onto the claimant at a point in the proceedings when the burden rightfully belongs on the Commissioner.

Accordingly, we find that remand is necessary to allow the ALJ to reconsider the severity of the Plaintiff's impairments.  In so doing, he is ordered to consider the RFC assessment completed by Dr. Hawk's nurse practitioner.  The ALJ should also order a consultative physical examination, complete with a physical RFC assessment, to determine the full extent of the Plaintiff's limitations.

**V.     Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of July, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE